**WANG ZHOU, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 06–5852–ag.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Yan Wang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Angela N. Liang, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Wang Zhou, a native and citizen of the People's Republic of China, seeks review of a November 29, 2006 order of the BIA affirming the June 2, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wang Zhou,* No. A 98 586 786 (B.I.A. Nov. 29, 2006), *aff'g* No. A 98 586 786 (Immig. Ct. N.Y. City, June 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005). In his brief to this Court, Zhou fails specifically to address any of the findings made by the IJ in support of her adverse credibility determination. Instead, he conclusorily argues that his testimony was "specific, detailed and credible" and that "specific, and corroborated evidence compels the conclusion that he has a well-founded fear of persecution." Because Zhou has failed to challenge sufficiently the IJ's adverse credibility determination before this Court, we deem any such argument abandoned. *See id.* As the adverse credibility finding was dispositive as to Zhou's claims, his petition for review must be denied.

Moreover, we note that even if Zhou had adequately challenged the IJ's adverse credibility finding, any such argument would have been unavailing. The IJ reasonably found implausible Zhou's testimony that he and his wife decided not to have a religious marriage ceremony because such a ceremony would expose them to family planning officials when Zhou also testified that the couple registered their marriage with civil authorities and he conceded that this, too, "would tip off the birth control people." (JA at 123). With regard to Zhou's alleged detention with 30 other people from his church, the IJ accurately noted that Zhou testified he could have contacted one of the church members with whom he had been detained. The IJ reasonably determined that the absence of an affidavit or letter from such an individual bore on Zhou's credibility because it rendered him unable to rehabilitate testimony that had already been called into

question. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

The IJ's adverse credibility finding was based principally on her conclusion, tethered to evidence in the record, that Zhou's largely uncorroborated assertions were implausible. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007)(emphasizing that an IJ's reasonable inference drawing based on evidence in the record will be accorded deference). Substantial evidence supports this finding, which encompassed both Zhou's religion and family planning claims. Hence, even if this finding had been adequately challenged, Zhou could not have met the "strict standard" for overcoming the IJ's conclusion that his testimony was not credible. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).